FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ NOV 15 2022 ★

LONG ISLAND OFFICE

MRM:BK/OG
F. #2020R00065

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

ELIAS GHANEM II,

              Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - X

I N D I C T M E N T

Cr. No. CR 22 520
(T. 18, U.S.C., §§ 981(a)(1)(C), 1343, 2
and 3551 et seq.; T. 21, U.S.C., § 853(p);
T. 28, U.S.C., § 2461(c))

BROWN, J.
TISCIONE, M.J.

THE GRAND JURY CHARGES:

## INTRODUCTION

At all times relevant to this Indictment, unless otherwise indicated:

I.    <u>The Defendant and his Company</u>

        1.    In or about October 2018, the defendant ELIAS GHANEM II established Viva Capital Ventures, LLC ("Viva"), which was incorporated in Delaware and purported to serve as a holding company to acquire, form and own businesses related to the cultivation, distribution and manufacture of cannabis, hemp and cannabidiol ("CBD") products.

II.    <u>The Fraudulent Scheme</u>

        2.    After establishing Viva, the defendant ELIAS GHANEM II solicited and received approximately $1,065,000 from Investor #1 through Investor #15, individuals and entities whose identities are known to the Grand Jury (the "Investors"). Some of these monies were transferred to bank accounts that GHANEM maintained in Suffolk County, New York (the "TD Account" and the "Capital One Account").

3.   In furtherance of the scheme to defraud, the defendant ELIAS GHANEM II stated to the Investors, in sum and substance, that he would use monies that the Investors invested in Viva for business related expenses, such as purchasing cannabis growing facilities and obtaining licenses to operate such facilities.   In fact, as GHANEM then and there well knew, he intended to use the Investors' monies for purposes unrelated to Viva's business.

4.   In furtherance of the scheme to defraud, the defendant ELIAS GHANEM II caused one or more of the Investors to make interstate wire transfers, including from a bank account located in New Jersey to the TD Account and the Capital One Account.   In or about and between September 2018 through August 2019, both dates being approximate and inclusive, GHANEM misappropriated approximately $1,033,350 from the Investors and used these monies to pay other investors and for his personal benefit, including to pay back a personal loan and to partially fund the purchase of a home in Suffolk County, New York.

## WIRE FRAUD

5.   The allegations contained in paragraphs one through four are realleged and incorporated as if fully set forth in this paragraph.

6.   In or about and between September 2018 to August 2019, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant ELIAS GHANEM II, together with others, did knowingly and intentionally devise a scheme and artifice to defraud Investor #1 through Investor #15, and to obtain money and property from them by means of materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, transmitted and caused to be transmitted, by means of wire communication in interstate and foreign commerce, writings, signs, signals,

pictures and sounds, to wit: one or more wire transfers from Investor #1's bank account in New Jersey to the TD Account.

(Title 18, United States Code, Sections 1343, 2 and 3551 et seq.)

CRIMINAL FORFEITURE ALLEGATION

7.   The United States hereby gives notice to the defendant that, upon his conviction of the offense charged herein, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offense to forfeit any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of such offense.

8.   If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a)   cannot be located upon the exercise of due diligence;

(b)   has been transferred or sold to, or deposited with, a third party;

(c)   has been placed beyond the jurisdiction of the court;

(d)   has been substantially diminished in value; or

(e)   has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

A TRUE BILL

███████████
FOREPERSON

*By Assistant U.S. Attorney Carolyn Pokorny*

BREON PEACE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F.#: 2020R00065

FORM DBD-34
JUN. 85

No.

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

*vs.*

ELIAS GHANEM II,

Defendant.

# INDICTMENT

(T. 18, U.S.C., §§ 981(a)(1)(C), 1343, 2 and 3551 et seq.;
T. 21, U.S.C., § 853(p); T. 28, U.S.C., § 2461))

*A true bill.*

_____
Foreperson

Filed in open court this _____ day,

of _____ A.D. 20 _____

_____
Clerk

Bail, $ _____

_____

Oren Gleich, Assistant U.S. Attorney (631) 715-7889